**Robert BAKER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 82S00–8810–CR–895.

Supreme Court of Indiana.

Nov. 19, 1990.

Robert Canada, Evansville, for appellant.

Linley E. Pearson, Atty. Gen. and Danielle Sheff, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of two counts of Defrauding a Financial Institution, Class C felonies, for which he received sentences of five (5) years on each count. He also was convicted of Forgery, a Class C felony, for which he received a sentence of five (5) years, all sentences to be served concurrently. In addition, he was found to be a habitual offender and the sentences were enhanced by thirty (30) years. However, the trial court neglected to specify which felony was enhanced by the thirty (30) years. Therefore this cause will be remanded to the trial court for proper sentencing.

The facts are: On August 10, 1987, appellant visited several banking institutions in Evansville. He apparently had concocted a somewhat complicated scheme of opening checking accounts under various names in the various banking institutions.

By doing so, he obtained starter checks which he then fraudulently issued on the accounts. During the carrying out of this scheme, he was detected and arrested.

He was given his *Miranda* warnings after which he refused to say anything further until he spoke with an attorney. The only questioning done by officers following the request for the attorney was to ask appellant his name, age, social security number, and residence. Investigating police officers attempted to locate appellant's automobile. They first obtained information from a motel that appellant was driving a Chevrolet with a Kentucky license number. However, no such automobile was found in the search.

However, as the number of cars began to dwindle in a shopping center parking lot, the officer's attention was called to a Pontiac Firebird with a Tennessee license plate. Upon looking into the automobile, the officers saw an open briefcase, a typewriter, and a check similar in appearance to the type of checks appellant had been using in his scheme. Further investigation disclosed that the license plate had been issued to a vehicle other than the Firebird and that the car had a handicap tag in the front issued to still a different person. The automobile was towed by the police and a search warrant obtained. In the ensuing search, police officers found starter checks and account receipts which appellant had obtained from the various banking institutions.

■ Appellant claims the affidavit used to acquire the search warrant was not made in good faith and was merely a "bare bones affidavit which could not reasonably have been relied upon." In seeking a search warrant, officers are not required to demonstrate a *prima facie* showing of criminal conduct nor are they required to demonstrate that contraband will be found on the premises to be searched. They need only show that there is a probability of criminal activity. When an affidavit contains such information, the issuing court may draw reasonable inferences therefrom and issue the warrant. *Blalock v. State* (1985), Ind., 483 N.E.2d 439. In the case at bar, the affidavit made by the investigating officer was adequate to support the issuance of a search warrant.

■ In addition, we would observe that the irregularities which the investigating officers found concerning the automobile gave them ample cause to take the vehicle in custody. In doing so, they could have lawfully conducted an inventory search of the vehicle which would have disclosed the evidence to which appellant now objects. *Freeman v. State* (1989), Ind., 541 N.E.2d 533. The trial court did not err in admitting the evidence found in the search of appellant's vehicle.

■ Appellant contends the investigating officers violated his constitutional rights when after requesting counsel the officers proceeded to ask him his name, age, social security number, and residence. Normally, asking a defendant basic identification information does not necessitate *Miranda* warnings nor is such questioning prohibited after appellant has asked for counsel. *See Boarman v. State* (1987), Ind., 509 N.E.2d 177.

However, appellant claims that the case at bar presents an exception in that the identification information which appellant gave in response to the questioning incriminated him. He cites *United States v. Poole* (9th Cir.1986), 794 F.2d 462 and *United States v. Hinckley* (D.C.Cir.1982), 672 F.2d 115. However, those cases are distinguishable from the case at bar in that in each of those cases more than mere identification information was elicited by officers. There so-called "background" questioning constituted impermissible interrogation and went beyond the basic identification questions.

In the case at bar, no such additional information was required by the officer's questioning. Appellant was asked simple identification questions which he could have answered truthfully and which answers would have in no way incriminated him. Any incrimination which may have resulted from the answers given by appellant resulted from the fact that he gave false information rather than truthful in-

formation as to his identity. We see no reversible error resulting from the questioning by the officers.

 Appellant is correct in his observation that the trial court erred in enhancing his sentence by thirty (30) years without indicating which of the three separate primary felonies was enhanced by reason of his status as a habitual offender.

This case is remanded to the trial court for correction of the sentence. In all other respects the trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.